Morphy, J.
This is an action brought upon a policy of insurance against fire, executed by the defendants on the 25th of June, 1839, in favor of Vies & Co., of New Orleans, but admitted to have been made for the account of George G. Henry, on a house, stable and furniture, at Mobile. The policy was for one year, and insured $8000 on the house, $500 on the stable, and $1500 on the furniture. On the 17th of September, 1839, Henry being in New York, made an assignment of property to the petitioners, in trust for his creditors, which assignment included the insured premises. On the 27th of the same month, the trustees effected an insurance on the same house for $8500, for one month from the 17th, the day of the assignment of the property to them, in the office of the North American Insurance Company, at New York. Vies & Co., in pursuance of instructions from *352 the plaintiffs, obtained the consent of the underwriters in New Orleans to have Henry’s policy" transferred to them, which transfer was accordingly made on the 7th of October. The property insured was destroyed by fire, two days after, to wit, on the 9th of October, 1839. At the time the consent of the company was obtained, and the transfer or assignment of the policy sued on was made to the trustees, no notice was given of the existence of the New York policy ; and it is admitted, that the defendants had no intimation of any such policy having been taken out, until the 13th of December following. The preliminary proof required by the conditions of the policy was not regularly made, until November, 1841. The defendants paid the loss on the furniture in March, 1840, but refused to settle for that on the house and stable assigned to the plaintiffs, on the ground that they had received no notice of the insurance effected in New York on the same property. The claim of the petitioners on the New York company was submitted to the arbitration of distinguished jurists of that city, who decided that the loss should be apportioned between the two offices, according to a stipulation to that effect contained in each of the policies. Their award has been laid before us. In relation to the liability of the defendants, which it was necessary to establish to authorize this apportionment, they reason at some length on difficulties supposed to result from the policy having been made out through error in the name of Vies & Co., instead of George G. Henry, and but slightly touch on what we conceive to be the true and only difficulty in the case. The New York company having settled with the plaintiffs in compliance with this award, the latter now claim of the 'defendants their proportion of the loss. ;
The defence set up is: First, the want of early notice of the loss, and of the preliminary proof required by the conditions of the policy : Secondly, the failure of the insured to give notice to the company of the New York policy, which they had taken out on the same property. We have found it unnecessary to inquire into the sufficiency of the preliminary proof, or its waiver on the part of the company, as, in our opinion, the second ground of defence on which they rely, must prevail.
The policy sued on provides that, “ in case the insured have *353 already any other insurance against loss by fire on the property hereby insured, not notified to this corporation, and mentioned in or endorsed on this instrument, or otherwise acknowledged by them in writing, then this insurance shall be void and of no effect; and if the insured, or their assigns, shall hereafter make any other insurance on the same property, and shall not, with all reasonable diligence, give notice thereof to this corporation, and have the same endorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease, and be of no further effect.”
Policies against fire are personal contracts with the assured, and they do not pass to an assignee or purchaser, without the consent of the underwriters. .Between the 17th of September, 1839, when the insured property was assigned to the plaintiffs, and the 7th of October following, when the policy was transferred to them with the approbation of the company, it did not cover the property. Had a loss occcurred during that time, the defendants would clearly had been discharged. Henry could not have claimed, having parted with all his interest by the assignment; and the petitioners could not have recovered, because they were not parties to the contract of insurance. The transfer of Henry’s policy to the plaintiffs, with the consent of the company, on the 7th of October, was equivalent to a new insurance, or contract with them. Before, or at the time of receiving such transfer, they were bound to notify the defendants of the prior policy made in New York, and at that time covering the property. When the assignees or trustees sent out orders to obtain a transfer of the New Orleans policy, which they appear to have done on the very day they had effected an insurance in New York on the same property, there was nothing to prevent them from directing their correspondents, Ties & Co., to notify the underwiters of such insurance, and to have it endorsed on the policy transferred to them. By their neglect to do this, the transfer of the policy, if viewed as a new insurance, never took effect so as to protect them from loss. If, although the policy sued on was at an end on the 17th of September, 1839, by the assignment of the property insured, it be considered as a prior policy, and the New York policy as a subsequent one, the obli *354 gation to give notice of the latter policy with reasonable diligence, was the same, and they had ample time to do it between the 27th of September and the 9th of October, when the fire occurred ; but no notice whatever was given until the 12th of December following. This difficulty was not in the way of a settlement with the New York company, as at the time they insured, there was no available policy in existence to be declared; and only two days elapsed between the transfer of Henry’s policy in New Orleans to the plaintiffs,’ and the fire which destroyed the premises insured. In relation to the ninth condition of the policy, to which our attention has been called, it is clear, that the declaration to be made by the insured of other insurances existing on the property is a part of the preliminary proof, and does not relate to the notice to be given of prior or subsequent policies. The insurance offices generally require it to secure themselves the means of ascertaining, after the fire, whether other insurances existed on the property. This knowledge, in most cases, they can obtain only from the insured himself. Until this declaration is made, they harm a right to withhold payment; but if it appears from such declarations, when made, that other policies existed not notified to them, they can absolutely refuse to pay. This declaration cannot surely supply the notice not previously given in accordance with the conditions of the policy. These conditions are clear and explicit; by failing to comply with them, the petitioners have forfeited their right to recover. 3 Robinson, 384. 1 Phillips, 420. 16 Wendell, 400. 5 Hammond’s Ohio Rep. 466. 16 Peters, 510. The present case is one of some hardship, as the plaintiffs, no doubt, acted in good faith. Their object was clearly to’ effect a temporary insurance until they could obtain a transfer of the assignor’s policy, or be apprised whether it was granted or refused. But they can blame only themselves, or their agents in New Orleans, as it was easy for them to comply with the conditions of the policy. If notice of a prior policy for a period of one month can be withheld, notice of a policy for one year might also be dispensed with. In the case of Carpenter v. The Providence and Washington Insurance Company, the Supreme Court of the United States, in speaking of these conditions of the policy, say: “ We see no reason why, as these clauses *355 are a known part of the stipulations of the policy, they ought not to receive a fair and reasonable interpretation, according to their terms and obvious import. The insured has no right to complain, for he assents to comply with all the stipulations on his side, in order to entitle himself to the benefit of the contract. Upon reason or principle, he has no right to ask the court to dispense with the performance of his own part of the agreement, and yet to bind the other party to obligations, which, but for those stipulations, would not have been entered into.” 16 Peters, 511.

Judgment affirmed.